**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARTIC C. CARROLL, JR.** | **:** | **CIVIL ACTION** |
| | **:** | |
| **v.** | **:** | **NO. 25-4985** |
| | **:** | |
| **LUKE MCCANN,** *et al.* | | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                    **September 19, 2025**

Police arrested a man for indecent exposure and other crimes at a Delaware County shelter in November 2021. They placed him in custody. The police released him. The state court set a date for him to return for his hearing under a bench warrant. He failed to show. The state court ordered his arrest and placed him in custody the next day for failing to appear in court. He remained in custody while pro se litigating his competence for over a year. The Commonwealth eventually released him in August 2023 after dismissing the charges. He is now out of custody and—for the tenth time in this Court—sues those who he thinks violated his rights in Delaware County. We screened his pro se allegations after granting him leave to proceed without paying the filing fees. We today again dismiss his claims with prejudice as to all allegations against the judges, prosecutors, defenders, and entities not persons subject to civil rights liability. We also dismiss with prejudice his false arrest and false imprisonment claims and his claims under the First, Fourth, Fifth, and Sixth Amendments. We decline to exercise supplemental jurisdiction absent a pleaded federal question. But we allow the serial litigant one more chance to plead claims within our limited jurisdiction as to his Fourteenth Amendment claim, civil conspiracy claim, claims asserted against Delaware County, Delaware County Jail Oversight Board, the GEO Group, and Upper Darby Township for an unconstitutional policy or custom allegedly causing constitutional harm,

claims asserted against the Life Center for Eastern Delaware County and the Community Action Agency of Delaware County, and individual capacity claims against John Swider, Oscar Lemus-Rojas, Tyrance Moore, Devon Anne Rink, Stephanie French, Shawnell George, Intake Counselor Michael Moore, Upper Darby Mayor Ed Brown, Upper Darby Police Chief Timothy Bernhardt, Upper Darby Police Deputy Chief Cory Cooper, unnamed Life Center for Eastern Delaware County counselors, and unnamed Community Action Agency of Delaware County officials if he can do so consistent with his obligations of good faith pleading grounded in federal law and not already dismissed.

## I.    Alleged *pro se* facts and matters of public record

Artis C. Carroll, Jr. moved into the Life Center of Eastern Delaware County emergency shelter in September 2021.[1] He allegedly exposed himself to a shelter volunteer with whom he worked on November 4, 2021. The volunteer called 911 to report the incident. Upper Darby Police Officer Luke McCann responded to the call.[2] The volunteer identified Mr. Carroll as the individual involved.[3] Mr. Carroll told Officer McCann he had asked the volunteer for help with a botched circumcision.[4] Officer McCann arrested Mr. Carroll and transported him to the Upper Darby Police Station.[5] Police charged him with indecent exposure, open lewdness, disorderly conduct, and harassment.[6] A magistrate judge set bail at $25,000 following a preliminary arraignment at the police station.[7] Mr. Carroll could not pay bail and the police transported him to the George W. Hill Correctional Facility.[8]

Delaware County Public Defender Rebecca Richman represented Mr. Carroll at his preliminary hearing in mid-November 2021.[9] Officer McCann did not appear and Public Defender Richman did not move to dismiss.[10] Mr. Carroll corrected the record at the hearing because Public Defender Richman told the judge Mr. Carroll wanted to represent himself.[11] Mr. Carroll pro se filed five motions shortly after the preliminary hearing.[12]

The Facility released Mr. Carroll from custody on December 1, 2021 after posting bail.[13] But then he did not appear at a pretrial conference on January 31, 2022.[14] Judge Mary Brennan revoked his bail and issued a bench warrant for his arrest.[15] The Commonwealth arrested Mr. Carroll the following day and returned him to custody.[16] Judge Gregory Mallon held a bench warrant hearing on February 3, 2022 and ordered a mandatory involuntary competency examination as a condition of pre-trial release.[17] Mr. Carroll did not consent.[18]

Delaware County Public Defender Timothy Walsh replaced Public Defender Richman as Mr. Carroll's counsel.[19] Public Defender Walsh told Mr. Carroll the court-ordered evaluation could not be challenged and repeatedly pressured him to submit.[20] Public Defender Walsh filed a bail motion representing Mr. Carroll agreed to a competency exam in exchange for unsecured bail.[21] Public defenders and prosecutors requested multiple continuances over the following months based on Mr. Carroll's refusal to submit to the evaluation.[22] Judge Brennan did not rule on Mr. Carroll's objections and denied his request for conflict counsel to argue his competency.[23] Mr. Carroll filed at least forty-five *pro se* motions and other filings, including several interlocutory appeals and a petition for a writ of certiorari, between February 2022 and his release in August 2023.[24]

The Commonwealth declined to prosecute the underlying November 2021 arrest relating to his alleged indecent exposure at the shelter on August 24, 2023 and released Mr. Carroll from custody.[25]

## II.    Analysis

Serial litigant Artis C. Carroll, Jr. again sues many of the same state officials and entities he sued before in connection with his November 2021 arrest for indecent exposure to a shelter volunteer and subsequent detention for failing to appear under a bench warrant.[26] He *pro se* sues

more than forty state actors, local institutions, and county officials for a wide-ranging civil rights conspiracy and unlawful arrest and pretrial detainment. He asserts claims these same persons violated his civil rights, the Due Process Clause of the Fourteenth Amendment, the Pennsylvania Constitution, and various state laws.[27] He claims these entities and individuals violated his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights through his unlawful arrest and pretrial detention.[28] He alleges the Upper Darby Police Department maintained a policy or custom of making arrests without probable cause and failing to train officers on constitutional requirements.[29] He further alleges police, prison officials, county actors, judges, public defenders, prosecutors, and staff from the Life Center for Eastern Delaware Couty and Community Action Agency of Delaware County coordinated a conspiracy to arrest him and deliberately orchestrated and concealed a plan to detain him on fabricated charges.[30] Mr. Carroll asserts the GEO Group, Delaware County, and the Delaware County Jail Oversight Board maintained policies and practices at the Facility which lacked adequate release-tracking systems, failed to train or supervise staff, and enabled his continued confinement without lawful basis.[31] He seeks compensatory, punitive, and statutory damages, as well as declaratory and injunctive relief aimed at reforming detention practices, arrest procedures, and oversight systems within Upper Darby, the Facility, and related agencies.[32]

He again proceeds without paying the filing fees. Congress requires we screen Mr. Carroll's case now proceeding without paying filing fees before issuing summons.[33] We must dismiss this Complaint before issuing summons if we find Mr. Carroll's claims are frivolous or malicious, do not state a claim on which relief may be granted, or he seeks monetary relief against immune persons.[34] We apply the same standard under the Federal Rule of Civil Procedure 12(b)(6) when considering whether to dismiss a complaint under section 1915(e)(2)(B)(ii).[35] Mr. Carroll

can meet the Rule 12(b)(6) standard if he pleads "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[36] We accept all facts in Mr. Carroll's Complaint as true and construe the facts in light most favorable to him to determine whether he states a claim to relief plausible on its face.

We are directed by our Court of Appeals to be "mindful of our obligation to liberally construe a pro se litigant's pleadings . . . ."[37] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[38] But "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules— they must abide by the same rules that apply to all other litigants."[39]

Mr. Carroll seeks money damages and other relief for violations of his constitutional rights. Congress created section 1983 as the vehicle to bring constitutional claims in federal court.[40] "To state a claim under [section] 1983, [Mr. Carroll] must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."[41] "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.[42]

### A. We dismiss with prejudice Mr. Carroll's claims against judges, prosecutors, and public defenders entitled to immunity and entities not subject to suit.

Mr. Carroll sues judges and lawyers. He also sues entities not subject to separate liability. We dismiss these claims with prejudice. We first consider whether certain individuals or entities may be properly sued. We dismiss Mr. Carroll's claims against Judges Gregory Mallon and Mary Brennan because they fall under the doctrine of judicial immunity. Judges enjoy immunity from suit for damages under section 1983 for actions performed within their authority.[43] Absolute judicial immunity extends even where a judge's action "was in error, was done maliciously, or was in excess of his authority."[44] Judicial immunity is abrogated only when a judge has acted "in the

clear absence of all jurisdiction."[45] Mr. Carroll challenges judicial decisions made by Judge Mallon and Judge Brennan during the course of his criminal proceedings. Judge Mallon ordered Mr. Carroll to complete a competency examination as a condition of his pre-trial release, and Judge Brennan allegedly "ignored Plaintiff's on-the-record objections and denied his request for conflict counsel" to argue his competency.[46] These decisions were made in their roles as judges and fall well within their jurisdiction. Judicial immunity therefore bars the claims against both judges.

We dismiss Mr. Carroll's claims against Delaware County District Attorney Jack Stollsteimer, four unnamed Assistant District Attorneys, and the Delaware County District Attorney's Office. Prosecutors, like judges, enjoy absolute immunity from suit for damages under section 1983 for actions performed within their authority.[47] A prosecutor is immune from suit even if he committed perjury or falsified evidence.[48] Mr. Carroll alleges the individual prosecutors "knowingly kept the charges active despite lacking probable cause and despite [Mr. Carroll's] repeated objections."[49] Mr. Carroll does not allege the district attorneys acted outside of their authority.[50] District attorney offices are also not persons acting under color of state law for purposes of federal civil rights law and thus not subject to liability.[51]

We dismiss Mr. Carroll's claims against Delaware County Public Defenders Rebecca Richman, Timothy Walsh, Kevin Horan,[52] two unnamed public defenders, and the Delaware County Public Defender's Office. Public defenders are not state actors "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."[53] Public defender offices are treated similarly in this context.[54]

We dismiss Mr. Carroll's claims against the Upper Darby Police Department and George W. Hill Correctional Facility. A claim against a municipality may be viable under section 1983. But police departments and county prisons are mere sub-units of the municipality and may not

themselves be sued as "persons" acting under color of state law.[55] All claims against the judges, prosecutors, public defenders, and non-state actors are dismissed with prejudice because any attempt to amend the claims would be futile.[56]

So we are left with claims against: the GEO Group; Delaware County; the Delaware County Jail Oversight Board and its board members Kevin Madden and Erica Parham; Upper Darby Township and Mayor Ed Brown; Upper Darby Police Chief Timothy Bernhardt, Deputy Chief Cory Cooper, and Police Officer Luke McCann; Facility Wardens Laura Williams and Lisa Mastroddi; Facility Records Office and Records Officers Emmanuel Asante, Beth Ann Gailey, and Doe #2; Facility Counsel 1, Counsel 2, Counsel 3, Counsel 4, and Intake Counselor Michael Moore; the Life Center for Eastern Delaware County and several unnamed shelter counselors; and the Community Action Agency of Delaware County and several unnamed community action officials. Mr. Carroll must plead how these state actors could be liable to him.

### B. We dismiss official capacity claims against remaining individual state actors as duplicative or improper.

We next address the capacity in which Mr. Carroll sues the remaining individual state actors. He brings claims against all individual state actors in both their individual and official capacities. Claims against county or municipal officials in their official capacity under section 1983 are treated as claims against the entity itself.[57] The official capacity claims against Delaware County Jail Oversight Board members Kevin Madden and Erica Parham and Upper Darby Township Mayor Ed Brown are claims against Delaware County Jail Oversight Board and Upper Darby Township. These claims are duplicative.

The official capacity claims against Upper Darby Police Chief Timothy Bernhardt, Deputy Chief Cory Cooper, and Police Officer Luke McCann and various Facility employees are likewise treated as claims against the Upper Darby Police Department and Facility. But as explained,

neither the Upper Darby Police Department nor the Facility is a "person" capable of being sued for civil rights violations under federal law.[58] We dismiss all official capacity claims against individual state actors with prejudice.

### C. We dismiss Mr. Carroll's false arrest and false imprisonment claims with prejudice as time-barred.

We now turn to the substance of Mr. Carroll's constitutional claims. Mr. Carroll's false arrest and false imprisonment claims are barred by the statute of limitations.

We may dismiss claims on statute of limitations grounds when the "defense is apparent on the face of the complaint."[59] Federal claims brought under section 1983 are governed by Pennsylvania's two-year statute of limitations for personal injury actions.[60] The limitations period for claims alleging false arrest or false imprisonment in violation of the Fourth Amendment begins to run "at the time the claimant becomes detained pursuant to legal process."[61] The Commonwealth arrested and detained Mr. Carroll on November 4, 2021 and again on February 1, 2022.[62] The statute of limitations period for his false arrest and false imprisonment claims expired in February 2024 at the latest. Mr. Carroll filed this latest case in August 2025 more than two years after his claims accrued.

His false arrest and false imprisonment claims are untimely. We dismiss them with prejudice.[63]

### D. We dismiss Mr. Carroll's First, Fifth, and Sixth Amendment claims with prejudice.

Mr. Carroll appears to assert individuals violated his (1) First Amendment right to access the courts; (2) Fifth Amendment "rights to due process, protection from double jeopardy, bail, and the presumption of innocence;" and (3) Sixth Amendment right to counsel.[64] We dismiss these claims with prejudice.

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts."[65] "However, prisoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement."[66] "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit."[67]

Mr. Carroll alleges his detainment blocked access to the courts "in his appeal against Millersville University of Pennsylvania, et al."[68] But he offers no detail showing the underlying claim had merit or how his detainment harmed his ability to litigate it. Mr. Carroll's underlying action came before this Court and we granted summary judgment in favor of defendants and closed the case.[69] Mr. Carroll then appealed to our Court of Appeals but did not file an opening brief.[70] He lost his claims because of his own inaction. Mr. Carroll's First Amendment claim is without merit and must be dismissed with prejudice.[71]

Mr. Carroll's Fifth Amendment due process claim must be dismissed because "the Fifth Amendment right to due process applies only to federal government action, and [Mr. Carroll's] complaint mentions only state or municipal government actors."[72] He claims individuals working in the state criminal justice system violated his rights. He cannot proceed under the Fifth Amendment.

Mr. Carroll alleges a violation of his Sixth Amendment right to counsel "without due process of law."[73] We dismissed all claims against the public defenders—the alleged source of the violation—for failure to act under color of state law.[74] We dismiss this Sixth Amendment claim with prejudice.

### E.  We dismiss Mr. Carroll's remaining federal claims with leave to amend.

We dismissed Mr. Carroll's untimely and facially deficient claims. He also claims harm under federal law. He sues under the Fourteenth Amendment and alleges civil conspiracy and municipal liability under *Monell*.

#### 1.  Mr. Carroll does not plead a Fourteenth Amendment due process or equal protection claim.

Mr. Carroll broadly alleges "Defendants denied [him] procedural and substantive due process" under the Fourteenth Amendment Due Process Clause by holding him "more than twelve months—far beyond the statutory half-sentence limit—and by imposing punitive conditions absent a finding of dangerousness."[75] But Mr. Carroll does not identify which specific "Defendants" were responsible for the alleged due process violations or which acts constituted the procedural or substantive deprivations. He generally attributes the alleged harm to "Defendants" as a group without describing what each one did.

The Supreme Court through Rule 8 requires "pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure . . . the Court is sufficiently informed to determine the issue."[76] Mr. Carroll's allegations do not meet Rule 8 because they do not give fair notice of "what the . . . claim is and the grounds upon which it rests."[77]

Mr. Carroll is also incorrect about the law. The "statutory half-sentence limit" to which Mr. Carroll refers does not apply. This limit governs *sentencing* and requires a minimum sentence not exceed half the maximum term.[78] A court did not impose a sentence after conviction as the Pennsylvania statute does not apply to his pretrial detention.[79]

Mr. Carroll also does not plead a plausible Fourteenth Amendment equal protection claim. "The Equal Protection Clause commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons

similarly situated should be treated alike."[80] Mr. Carroll must allege "he was treated differently than other similarly situated [individuals], and that this different treatment was the result of intentional discrimination based on his membership in a protected class."[81] He does not allege either. We dismiss these claims with leave to amend.

### 2. Mr. Carroll does not plead a claim for conspiracy under federal civil rights law.

Mr. Carroll alleges a civil rights conspiracy under section 1985(1).[82] He alleges Officer McCann, Upper Darby Township, the GEO Group, Delaware County, Kevin Madden, the Delaware County Prison Overnight Board, Erica Parham, the Life Center for Eastern Delaware County, the Community Action Agency of Delaware County, the unnamed Life Center for Eastern Delaware County counselors, and the unnamed Community Action Agency of Delaware County officials "knowingly conspired to unlawfully detain" Mr. Carroll.[83] But this provision applies only when two or more people conspire to prevent a federal officer from performing official duties.[84] Mr. Carroll does not claim to be a federal officer nor does he allege those state actors tried to interfere with any federal officer's duties.

We liberally construe Mr. Carroll as trying to plead a civil conspiracy under section under section 1985(3). A viable claim under this provision requires: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States."[85] But a civil conspiracy claim cannot survive without an underlying federal constitutional violation.[86]

Mr. Carroll does not plead a standalone constitutional violation under federal civil rights law. We dismiss Mr. Carroll's conspiracy claims under section 1985 without prejudice to timely

amend his claims if he can plead specific facts allowing us to plausibly infer a conspiracy to deprive him of civil rights between Officer McCann, Upper Darby Township, the GEO Group, Delaware County, the Delaware County Prison Overnight Board, Kevin Madden, and Erica Parham.

### 3.  Mr. Carroll does not plead a claim for municipal liability.

Mr. Carroll asserts a municipal liability claim under section 1983 against Delaware County, Delaware County Jail Oversight Board, the GEO Group, and Upper Darby Township.[87] He alleges the Facility, operated by GEO Group and overseen by Delaware County and Delaware County Jail Oversight Board, and "failed to train staff on the statutory and constitutional limits of pre-trial detention, failed to supervise the Warden, Records Officer, and case managers, and failed to discipline personnel who permitted Plaintiff's unlawful confinement to continue."[88] He also alleges the Facility "lacked any record-keeping system that set release dates for pre-trial detainees."[89] Mr. Carroll further alleges Upper Darby Township, through the actions of Upper Darby Police Department, "maintained a custom of filing false or insufficiently supported criminal complaints" and failed to provide adequate training on probable cause requirements.[90]

A municipality may be held liable for a constitutional right violation under federal civil rights law only when its official policy or customs caused the alleged constitutional violation.[91] Mr. Carroll must "specify exactly what that custom or policy was."[92] He may do so by plausibly alleging the failure to train: (1) "amounts to 'deliberate indifference' to the rights of persons with whom [municipal] employees will come into contact"; and (2) "is 'closely related to the ultimate injury,' meaning . . . it 'actually caused the constitutional violation.'"[93] But "[w]ithout an underlying constitutional violation, there can be no *Monell* claim."[94]

Mr. Carroll does not plead a standalone constitutional violation under federal civil rights law. Mr. Carroll also did not plead the underlying official custom or policy with the requisite

specificity under *Monell*. He instead pleads conclusions paraphrasing the elements of *Monell* liability without facts.[95] Our Court of Appeals holds these "conclusory and general" allegations "insufficient" to satisfy the "rigorous standards . . . required to state a claim for municipal liability."[96] We dismiss Mr. Carroll's municipal liability *Monell* claims without prejudice to timely amend his claims.

### F. We dismiss claims against private nonprofit entities and individuals not alleged to have personally participated in the constitutional harm.

Mr. Carroll brings claims against the Life Center for Eastern Delaware County, the Community Action Agency of Delaware County, and several unnamed shelter counselors and community action officials. These organizations are private, non-profit organizations.[97] Private actors may be considered state actors where "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."[98] Our Court of Appeals applies three tests to determine whether state action exists: "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."[99] Mr. Carroll does not allege facts to support a close nexus between the Life Center for Eastern Delaware County or the Community Action Agency of Delaware County and state actors under these tests. Nor does he allege specific actions taken by the unnamed shelter counselors or community action officials establishing their individual involvement in the alleged constitutional violations.

Mr. Carroll also identified John Swider, Oscar Lemus-Rojas, Tyrance Moore, Devon Anne Rink, Stephanie French, and Shawnell George in his case caption. But he does not allege who they are and how they are involved in the alleged deprivation of his constitutional rights and how, if at

all, they are state actors. Mr. Carroll also names Facility Counsel 1, Counsel 2, Counsel 3, Counsel 4, Intake Counselor Michael Moore, Upper Darby Mayor Ed Brown, Upper Darby Police Chief Timothy Bernhardt, and Upper Darby Police Deputy Chief Cory Cooper but does not allege their personal involvement in the constitutional harm.

Civil rights claims require Mr. Carroll plead individual involvement in depriving a federal right.[100] Mr. Carroll must identify the rights each individual deprived him of and the actions he or she as an individual took to deprive Mr. Carroll of those rights. We allow Mr. Carroll to timely amend his complaint to include allegations of personal involvement of the named state actors.

### G.  We decline to exercise supplemental jurisdiction over Mr. Carroll's remaining state law claims.

Mr. Carroll pleads several state law claims over which we may exercise our supplemental jurisdiction under 28 U.S.C. § 1367(a).[101] We can hear state claims where we have original jurisdiction over federal claims arising out of a common nucleus of operative fact.[102] The federal and state claims must arise from the same case or controversy.[103] We may decline to exercise supplemental jurisdiction over claims if we have dismissed all claims over which we have original jurisdiction.[104] We decline to exercise supplemental jurisdiction over Mr. Carroll's remaining state claims absent federal question. We dismiss Mr. Carroll's state law claims as we decline to exercise supplemental jurisdiction over them.

### III.    Conclusion

We dismiss Artis C. Carroll, Jr.'s latest challenge to his arrest in November 2021 and later detention for not showing under a bench warrant. He vigorously contested his detention further delaying his eventual release after several months in custody while he litigated his competence and other issues in state court. We dismiss several claims with prejudice. We also, mindful of his pro se status, grant his leave to timely file an amended Complaint if he can do so consistent with

the law against non-immune persons in their individual capacity and possibly for municipal liability.

---

[1] *Carroll v. McCann,* No. 21-5143, ECF 1 ¶ 2.

We may review matters of public record in addition to the allegations and claims. We accessed Mr. Carroll's criminal docket in the Delaware County Court of Common Pleas through Pennsylvania's Unified Judicial System online and several complaints filed in this Court. *See Commonwealth v. Carroll,* No. CP-23-CR-0004909-2021, Delaware Cnty. Ct. of Common Pleas; *Carroll v. McCann,* No. 21-5143 at ECF 1; *Carroll v. Delaware Cnty. of Pa.,* No. 22-1720 at ECF 46; *Carroll v. Mallon,* No. 22-848 at ECF 1. We may properly consider Mr. Carroll's state court criminal docket and previous public filings in evaluating his claims. *McTernan v. City of York,* 577 F.3d 521, 526 (3d Cir. 2009). Our Court of Appeals held public records to include criminal case dispositions. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1197 (3d Cir. 1993). Judge Caldwell found judicial opinions and docket sheets are public records, of which the court may take judicial notice. *Zedonis v. Lynch,* 233 F. Supp. 3d 417, 422 (M.D. Pa. 2017). Judge Paradise Baxter found Pennsylvania's Unified Judicial System provides online access to the docket sheet for criminal cases and took judicial notice of those dockets. *Dean v. Copozza,* No. 13-41, 2013 WL 1787804, at *1 (W.D. Pa. Apr. 10, 2013).

[2] Affidavit of Probable Cause, *Commonwealth v. Carroll*, No. CP-23-CR-0004909-2021, Delaware Cnty. Ct. of Common Pleas

[3] Affidavit of Probable Cause, *Commonwealth v. Carroll*, No. CP-23-CR-0004909-2021, Delaware Cnty. Ct. of Common Pleas.

[4] *Id*. (affidavit).

[5] *Id*. (affidavit).

[6] ECF 2 ¶ 23.

[7] *Carroll v. Delaware County of Pennsylvania,* No. 22-1720 at ECF 46 ¶ 9.

[8] ECF 2 ¶ 28; *Carroll v. Delaware County of Pennsylvania,* No. 22-1720 at ECF 46 ¶¶ 10–11.

[9] ECF 2 ¶ 44.

[10] *Id.* ¶ 45, 47–49.

[11] *Id.* ¶ 44.

[12] Criminal Docket, *Commonwealth v. Carroll*, No. CP-23-CR-0004909-2021, Delaware Cnty. Ct. of Common Pleas.

[13] ECF 2 ¶ 28; *Carroll v. Delaware County of Pennsylvania,* No. 22-1720 at ECF 46 ¶ 48.

[14] Criminal Docket, *Commonwealth v. Carroll*, No. CP-23-CR-0004909-2021, Delaware Cnty. Ct. of Common Pleas; *Doe. v. Walk,* No. 23-2187 at ECF 1 ¶ 5.

[15] *Id.*

[16] *Doe. v. Walk,* No. 23-2187 at ECF 1 ¶ 5.

[17] ECF 2 ¶ 50; *Carroll v. Mallon,* No. 22-848 at ECF 1 ¶ 5.

[18] ECF 2 ¶ 50.

[19] *Id.* ¶ 51.

[20] *Id.*

[21] *Id.* ¶ 52.

[22] *Id.* ¶ 53.

[23] *Id.* ¶ 54.

[24] *See* Criminal Docket, Delaware County Court of Common Pleas No. CP-23-CR-0004909-2021.

[25] ECF 2 ¶ 33. Mr. Carroll seemingly continues his criminal conduct since this August 2023 release. Judges convicted Mr. Carroll of several summary and misdemeanor offenses since his August 2023 release, including harassment, disorderly conduct, defiant trespass, and solicitation without a license. *See Commonwealth v. Carroll*, No. MJ-02102-NT-0000247-2024, Pa. Magis. Dist. Ct. (disposition entered Aug. 8, 2024); *Commonwealth v. Carroll*, No. MJ-02204-NT-0000689-2024, Pa. Magis. Dist. Ct. (disposition entered Oct. 29, 2024); *Commonwealth v. Carroll*, Nos. MJ-02302-NT-0000137-2025 and MJ-02302-NT-0000138-2025, Pa. Magis. Dist. Ct. (dispositions entered May 8, 2025); *Commonwealth v. Carroll*, No. MJ-02102-NT-0000244-2025, Pa. Magis. Dist. Ct. (disposition entered July 25, 2025). He is presently on release and residing in Lancaster County. ECF 2 at 16.

[26] Mr. Carroll has filed nearly two dozen cases before this Court since 2016. Nine of those actions relate to his November 2021 arrest and detention. *See Carroll v. McCann,* No. 21-5143 (dismissed for lack of prosecution); *Carroll v. The Warden of George W Hill Correctional Facility, et al.,* No. 21-5165 (same); *Carroll v. Delaware County of Pennsylvania, et al.,* No. 21-5289 (same); *Carroll v. Brennan,* No. 21-5685 (same); *Carroll v. Mallon,* No. 22-848 (dismissed after screening as frivolous given the doctrine of judicial immunity); *Carroll v. Delaware County of Pennsylvania,* No. 22-1720 (dismissed after screening for lack of prosecution); *Carroll v. Delaware County Prison, et al.,* No. 22-2110 (consolidated with No. 22-1720); *Carroll v. Upper Darby Township, et al.*, No. 23-4376 (dismissed for lack of prosecution); *Carroll v. Walk*, No. 23-2187 (dismissed after screening for failure to state a claim).

We also dismissed several unrelated cases brought by Mr. Carroll on motions and as frivolous and for failing to state a claim. Mr. Carroll withdrew his claims in other cases. *See Carroll v. Millersville Univ. of Pennsylvania, et al.,* No. 16-1406 (summary judgment for defendants); *Carroll v. Wright,* No. 19-238 (dismissed as frivolous on January 24, 2019 and affirmed on September 18, 2019); *Carroll v. Bauman et al.,* No. 19-721 (dismissed pending exhaustion); *Carroll v. Madara,* No. 19-2059 (dismissed for lack of prosecution); *Carroll v. Anders,* No. 19-2060 (summary judgment for defendants); *Carroll v. Dodszuweit,* No. 21-3369 (voluntarily dismissed); *Carroll v. The Life Center Eastern Delaware, et al.,* No. 21-5669 (dismissed for lack of prosecution); *Carroll v. Love, et al.,* No. 21-5691 (same); *Carroll v. Delaware County Court of Common Pleas, et al.,* No. 22-252 (same); *Carroll v. Totaro, et al.,* No. 22-3885 (dismissed as frivolous); *Carroll v. Williams, et. al.,* No. 22- 2690 (dismissed after screening for failure to state a claim).

We also detailed Mr. Carroll's status as a "three-strike" serial litigant in our June 29, 2023 memorandum in *Carroll v. Walk,* No. 23-2187, 2023 WL 4274987, at *6–7 (E.D. Pa. June 29, 2023). The "three-strike" bar under section 1915 does not apply today as Mr. Carroll did not file this case while incarcerated.

[27] He sues: George W. Hill Correctional Facility; The Geo Group, Inc.; Delaware County; Delaware County Jail Oversight Board and two board members, Kevin Madden and Erica Parham; Upper Darby Township and Mayor Ed Brown; Upper Darby Police Department, Chief Timothy Bernhardt, Deputy Chief Cory Cooper, and Police Officer Luke McCann; Judges Gregory Mallon and Mary Brennan of the Delaware County Court of Common Pleas; Delaware County Public Defender's Office and Public Defenders Rebecca Richman, Timothy Walsh, Kevin Horan, Doe #5, and Doe #6; Delaware County District Attorney's Office, District Attorney Jack Stollsteimer and Assistant District Attorneys Doe #7, Doe #8, Doe #9, and Doe #10; Facility Wardens Laura Williams and Lisa Mastroddi; Facility Records Office and Records Officers Emmanuel Asante, Beth Ann Gailey, and Doe #2; Facility Counsel 1, Counsel 2, Counsel 3, Counsel 4, and Intake Counselor Michael Moore; Life Center for Eastern Delaware County; Community Action Agency of Delaware County; "Shelter Counselors (several individuals)"; "Community-Action Official (several individuals)." *See* ECF 2 ¶¶ 3–22.

Mr. Carroll names Lisa Mastroddi in his case caption and names a Facility "Warden 2" as a defendant. ECF 2 ¶ 20. He does not refer to Warden 2 again in his Complaint. Public Records show Ms. Mastroddi served as a warden at the Facility so we assume she is the individual he identifies as Warden 2.

Mr. Carroll first refers to the Record Officers as "either GWHCF Record Officers and or Delaware County Record Officers." ECF 2 ¶ 19. He later references only Facility Record Officers so we assume he intended to name the Facility officers and do not consider whether they are Delaware County employees.

Mr. Carroll also named several additional individuals in his case caption but makes no specific allegations against them.

[28] ECF 2 ¶ 43.

[29] *Id.* ¶ 39.

[30] *Id.* ¶¶ 71–73.

[31] *Id.* ¶¶ 36–37

[32] *Id.* Prayer for Relief at 15–16.

[33] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

[34] *Id.*

[35] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)).

[36] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[37] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)) (cleaned up).

[38] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

[39] *Id.* (quoting *Mala*, 704 F.3d at 245).

[40] 42 U.S.C. § 1983.

[41] *West v. Atkins,* 487 U.S. 42, 48 (1988).

[42] *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Dooley,* 957 F.3d at 374 ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode,* 845 F.2d at 1207)); *Iqbal,* 556 U.S. at 676 (explaining "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead each government-official defendant, through the official's own individual actions, has violated the Constitution").

[43] *Stump v. Sparkman,* 435 U.S. 349, 356–57, 363–64 (1978); *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976).

[44] *Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Stump*, 435 U.S. at 356–57).

[45] *Id.*

[46] ECF 2 ¶¶ 50, 54.

We previously dismissed these same claims against Judge Mallon as frivolous in an earlier lawsuit filed by Mr. Carroll. *See Carroll v. Mallon,* No. 22-848 at ECF 11.

[47] *Stump,* 435 U.S. at 356–57; *Imbler,* 424 U.S. at 431.

[48] *See Imbler*, 424 U.S. at 431 n. 34, 96 S. Ct. 984.

[49] ECF 2 ¶ 40.

[50] *See Green v. United States*, 418 F. App'x 63, 66 (3d Cir. 2011)

[51] *See Bush v. Pennsylvania*, No. 23-2216, 2023 WL 5339612, at *2 (E.D. Pa. Aug. 17, 2023) (citing *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997)).

[52] Mr. Carroll names Kevin Horan as a defendant in his case caption but does not refer to him again in his Complaint. Public Records show Mr. Horan was a Delaware County Public Defender.

[53] *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (per curiam) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (per curiam) (noting court-appointed attorneys are not state actors for purposes of § 1983).

[54] *See Dorn v. Aguilar*, 645 F. App'x 114, 115 (3d Cir. 2016) (per curiam).

[55] *See Bush v. Pennsylvania*, No. 23-2216, 2023 WL 5339612, at * 2 (E.D. Pa. Aug. 17, 2023) (citing *Bonenburger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997)); *Draper v. Darby Twp. Police Dep't*, 777 F. Supp. 2d 850, 856 (E.D. Pa. 2011) (citing *Martin v. Red Lion Police Dep't*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (noting Darby Township Police Department is not a "person" under § 1983 "because it lacks an identity separate from the municipality of which it is a part.")). *See Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding county prisons are not persons capable of being sued within the meaning of § 1983)).

[56] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (noting leave to amend claims dismissed on screening should be granted "unless amendment would be inequitable or futile").

[57] *See Kentucky v. Graham,* 473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.,* 436 U.S. 658, 690 n. 55 (1978)).

[58] *Will*, 491 U.S. at 71; *Robinson v. Pennsylvania Dep't of Corr.*, 851 F. App'x 289, 291 (3d Cir. 2021)*.*

[59] *Wisniewski v. Fisher,* 857 F.3d 152, 157 (3d Cir. 2017); *Whitenight v. Commonwealth of Pennsylvania State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (per curiam) ("When screening a complaint under § 1915, a district court may sua sponte dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required." (citations omitted)).

[60] *Lloyd v. Ocean Twp. Couns.*, 857 F. App'x 61, 64 (3d Cir. 2021) (quoting *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)) ("A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims."); *see also* 42 PA. CONS. STAT. ANN. § 5524.

[61] *Lloyd,* 857 F. App'x at 64 (quoting *Wallace v. Kato,* 549 U.S. 384, 397 (2007)); *Green v. United States*, 418 F. App'x 63, 67 (3d Cir. 2011).

[62] ECF 2 ¶¶ 23, 28.

[63] Mr. Carroll may also be trying to plead a Fourth Amendment claim for unlawful search and seizure. *See* ECF 2 ¶ 43 ("As a direct result of the unlawful confinement Plaintiff suffered . . . [d]eprivation of Fourth Amendment rights to be free from unlawful searches and seizures without due process of law."). But he does not allege a seizure of property, searches or other interference with Fourth Amendment rights beyond his alleged unlawful arrest or detention. We therefore interpret this claim as duplicative of his false arrest and false imprisonment claims.

[64] *Id.*

[65] *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).

[66] *Id.*

[67] *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

[68] ECF 2 ¶ 43.

[69] *Carroll v. Richardson*, No. 16-1406, 2021 WL 3209715 (E.D. Pa. July 29, 2021).

[70] *Carroll v. Millersville Univ. of Pennsylvania, et al.*, No. 21-2633, 2021 WL 7209746 (3d Cir. Dec. 22, 2021).

[71] *See, e.g.*, *Vazquez v. Davis*, No. 24-6450, 2025 WL 1194480, at *4 (E.D. Pa. Apr. 24, 2025) (denying access to courts claim where plaintiff failed to explain any lost claims or show how his confinement impaired his ability to litigate, and the record showed he had opportunities to litigate but failed to act).

[72] *Fullman v. City of Philadelphia*, No. 23-3073, 2024 WL 1637550, at *3 (3d Cir. Apr. 16, 2024).

[73] ECF 2 ¶ 43.

[74] *See supra* Section II.A.

[75] ECF 2 ¶¶ 77–81.

[76] *Rosado v. City of Coatesville*, No. 19-2426, 2019 WL 2448867, at *2 (E.D. Pa. June 11, 2019) (quoting *Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017)).

77 *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

78 *See* 42 PA. CONS. STAT. § 9756(b)(1) ("The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed.").

79 Mr. Carroll also refers to "Defendants" violating "Pennsylvania's prompt-trial requirements." ECF 2 ¶ 35. "[P]eriods of delay caused by the defendant" are excluded from the computation of pretrial incarceration time limits. Pa. R. Crim. P. 600(C)(2). Mr. Carroll filed at least forty-five *pro se* motions and other filings, including several interlocutory appeals and a petition for a writ of certiorari, between February 2022 and his release in August 2023. *See* Criminal Docket, Delaware County Court of Common Pleas No. CP-23-CR-4909-2021.

80 *Mosca v. Cole*, 217 F. App'x 158, 164 (3d Cir. 2007) (quoting *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).

81 *Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 (3d Cir. 2016) (citing *Hassan v. City of N.Y.*, 804 F.3d 277, 294, 298 (3d Cir. 2015)).

82 ECF 2 ¶¶ 70, 125. Congress through section 1985(1) provides a cause of action where "two or more persons . . . conspire to prevent . . . any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof" or "injure his person or property on account of his lawful discharge of the duties of his office . . . so as to molest, interrupt, hinder, or impede him in the discharge of his official duties." 42 U.S.C. § 1985(1).

Mr. Carroll brings two separate civil conspiracy claims. *See* ECF 2 ¶¶ 70, 125 (Counts III and XII). We dismiss the second as duplicative.

83 ECF 2 ¶ 71. *See also id*. ¶ 73.

84 *See* 42 U.S.C. § 1985(1).

85 *Davis v. Wigen*, 82 F.4th 204, 214 (3d Cir. 2023) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828–29 (1983)).

86 *Dondero v. Lower Milford Twp.*, 431 F. Supp. 3d 590, 606 (E.D. Pa. 2019), *aff'd*, 5 F.4th 355 (3d Cir. 2021); *see also Rink v. Ne. Educ. Intermediate Unit 19*, 717 F. App'x 126, 141 (3d Cir. 2017) ("There can be no civil conspiracy to commit an unlawful act under § 1983 where the plaintiff has not proven a deprivation of a constitutional or federal statutory right or privilege.").

87 ECF 2 ¶¶ 92–97.

A claim against the GEO Group, a private corporation formerly under contract to provide services at George W. Hill Correctional Facility, must also be based on the entity's policies or customs which caused the alleged constitutional violation. *French v. GEO Grp., Inc.*, No. 18-4312, 2018 WL 4929859, at *2 (E.D. Pa. Oct. 10, 2018) ("The GEO Group acts under color of state law by providing services for the George W. Hill Correctional Facility."); *Regan v. Upper Darby Twp.*, No. 06-1686, 2009 WL 650384, at *3 n.5 (E.D. Pa. Mar. 11, 2009) ("For purposes of Plaintiff's §

1983 claims, Defendant GEO Group, a private company, was acting under the color of state law since it provided daily functional services for the Delaware County Prison.”). Jail oversight boards including the Delaware County Jail Oversight Board, are “political subdivision[s] of the government” because they are “creature[s] of statute[.]” *Id.* at *6 (quoting *Veatch v. Allegheny Cnty. Bureau of Corr.*, 282 F. App’x 159, 160 (3d Cir. 2008)). To state a claim against the Board, Mr. Carroll must allege a municipal policy or custom that caused his injury. *Id.*

[88] ECF 2 ¶ 36.

[89] *Id.*

[90] *Id.*  ¶ 39

[91] *Monell*, 436 U.S. at 694–95.

[92] *Bush v. Pennsylvania*, No. 23-2216, 2023 WL 5339612, at *2 (E.D. Pa. Aug. 17, 2023) (citing *McTernan*, 564 F.3d at 658.

[93] *See Simmons v. City of Phila.*, No. 24-1395, 2024 WL 4494690, at *3 (E.D. Pa. Oct. 15, 2024) (citing *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014)).

[94] *City of Phila. v. Hempstead Props., LLC*, No. 23-2434, 2024 WL 1620792, at *2 (E.D. Pa. Apr. 15, 2024) (citing *Knellinger v. York Street Prop. Dev., LP*, 57 F. Supp. 3d 462, 471 (E.D. Pa. 2014)).

[95] ECF 2 ¶ 94. *See Wood v. Williams*, 568 F. App’x 100, 102–04 (3d Cir. 2014).

[96] *Kelty v. City of Phila.*, No. 16-0306, 2016 WL 8716437 (E.D. Pa. June 10, 2016) (citing *Wood*, 568 F. App’x at 104) (quoting *McTernan*, 564 F.3d at 658–59).

[97] *See* CAADC, https://caadc.org/about-us/ (last visited Sept. 18, 2025) (“Community Action Agency of Delaware County, Inc. is a private non-profit 501(c)(3) corporation that has been serving the economically disadvantaged residents of Delaware County for over forty-five (45) years”); *See* CAADC, https://caadc.org/about-us/site-locations/ (last visited Sept. 18, 2025) (listing the Life Center of Eastern Delaware County as one of CAADC’s shelters).

[98] *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quoting *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005)).

[99] *Id.* at 646 (citation omitted).

[100] *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).

[101] Mr. Carroll claims one or more persons violated the Pennsylvania Constitution due process clause, unlawful pre-trial detention exceeding statutory maximum, malicious prosecution, intentional infliction of emotional distress, wrongful use of ancillary proceedings/malicious prosecution against public defenders, abuse of process, and defamation. ECF 2 ¶¶ 82–91, 98–123, 129–133.  We decline to review the merits today except to remind Mr. Carroll many of these persons are immune from these claims.

[102] *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 307–08 (3d Cir. 2003).

[103] *Krell v. Prudential Ins. Co. of Am. (In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions)*, 148 F.3d 283, 303 (3d Cir. 1998).

[104] 28 U.S.C. § 1367(c).